**Emmitt G. KING, Appellant,**

v.

**W. D. BLANKENSHIP, Superintendent; Louise D. Hall, Magistrate; James E. Johnson, Treatment Supr.; S. L. Townley, Captain of Guards, Appellees.**

**No. 78–6184.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1980.

Decided Dec. 5, 1980.

Rebecca Thompson Helton and Wayland J. Sermons, Jr., Third Year Law Students (Kenneth A. Zick, Associate Professor of Law, Wake Forest University School of Law, Winston–Salem, N. C., J. Clark Fischer, Third Year Law Student, on brief), for appellant.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellees.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

WINTER, Circuit Judge:

Adopting the factual findings and legal conclusions of the magistrate, the district court adjudged that Emmitt G. King had failed to sustain his claim that the excessive use of force on two occasions by officers at Bland Correctional Center, a Virginia penal institution, entitled him to relief under 42 U.S.C. § 1983. With respect to one incident, that of March 25, 1977, King appeals. We decide that the district court's ultimate finding that King failed to prove actionable excessive use of force on the part of James E. Johnson was clearly erroneous.* We reverse and remand for the assessment of damages.

I.

At the trial before the magistrate in which King was represented by counsel, the proof showed that on March 25, 1977, he came before a prison disciplinary committee ostensibly for a hearing on a charge lodged against him. Present in the hearing room were defendant, Johnson, who was Chairman of the Committee and two correctional officers, D. L. Lambert and R. L. Saunders.

---

* Defendant Johnson was the Bland Treatment Supervisor and Chairman of the Adjustment Committee who, as is later developed, assaulted King. King also sued W. D. Blankenship, Superintendent of the Center, and S. L. Town-ley, Captain of the prison guards. Since the evidence showed that neither Blankenship nor Townley played any part in the March 25 incident, we agree with the district court that they were entitled to judgment.

No other inmates were present in the room. King was informed that the charge against him had been dropped, and upon receiving this information King rose from his chair and started toward the door.

Johnson called King back and delivered to him a lecture regarding King's behavior in prison and the general dislike that each man felt for the other. At some point during the conversation King leaned down and placed his hands upon the desk behind which Johnson was sitting. Johnson admonished King to remove his hands from the desk and King obeyed. Nevertheless, Johnson reached over the desk and grabbed a portion of King's abundant beard. While still grasping the beard, Johnson moved around the desk and threw the much smaller King to the floor pulling an entire portion of King's beard out of his cheek.

Precisely what happened next was a subject of conflicting testimony. King testified that Johnson grabbed him by the beard, slapped him on the head and finally knocked him down, and that when he was down he was hit some more and also kicked. King testified that throughout the incident he told Johnson that he had no desire to fight. The magistrate found that King was sincere in this protestation and also "well advised" to take this position because of the significant size differential between the two men.

Johnson's version is that when King leaned on the desk he (Johnson) thought that he was in physical danger because of King's reputation for misbehavior and King's prior animosity toward him and because there were on the desk a tape recorder, stapler, ashtray, and hole punch which could be used as weapons. As a consequence, Johnson thought it necessary to grab King, pull him forward, throw him back off the desk and pin him to the floor. Johnson emphatically denied that he slapped or kicked King. The magistrate, however, evidently believed King because he found that "Johnson threw King to the floor and slapped King several times around the face and upper torso."

The magistrate also found that Johnson had initiated the physical exchange, but that he had done so in the not unreasonable belief that King's leaning over the desk constituted belligerent action. While the magistrate found that viewed in hindsight Johnson's forceful reaction appears to have been unnecessary, the magistrate concluded that Johnson did not react so unreasonably or employ such unreasonable force as to violate King's guarantee against cruel and unusual punishment.

## II.

It has been widely held that the unjustified striking, beating, or infliction of bodily harm upon a prisoner by the police or a correctional officer gives rise to liability under 42 U.S.C. § 1983. *See Bruce v. Wade*, 537 F.2d 850 (5 Cir. 1976); *Aulds v. Foster*, 484 F.2d 945 (5 Cir. 1973); *Johnson v. Glick*, 481 F.2d 1028 (2 Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) and cases cited therein; *Howell v. Cataldi*, 464 F.2d 272 (3 Cir. 1972). While not precisely on the point, our decision in *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979) is in accord with this view. Our decisions in *Sykes v. Johnson*, 634 F.2d 626, No. 80–6159 (4 Cir. September 26, 1980) (unpublished), and *Spruill v. Finkbeinger*, 624 F.2d 1095 (4 Cir. 1980) (unpublished), follow the rule stated although they do not constitute binding precedents under Local Rule 18. The courts which have considered the issue have generally said that the cause of action stems from a violation of the Eighth Amendment's proscription against cruel and unusual punishment. In *Johnson v. Glick, supra*, where the prisoner was a pretrial detainee, the cause of action was ascribed to a denial of due process of law.

Lest there be doubt as to the rule in this circuit, we specifically hold that the unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause.

Of course, in the statement of the rule, as well as in its application, attention must be giving to the language in *Baker v. McCollan,* 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) that § 1983 "imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law." In short, not every instance of the use of excessive force gives rise to a cause of action under § 1983 merely because it gives rise to a cause of action under state tort law or is prosecutable under criminal assault and battery law. The key phrases "unjustified striking, etc." and "without just cause" in our statement of the rule must be read with reference to the Eighth and Fourteenth Amendments and not to state tort law even though an excessive use of force giving rise to a cause of action under § 1983 most probably will also give rise to a cause of action under state tort law.

The precise formulation of when the excessive use of force gives rise to a cause of action under § 1983 is not an easy one, but in *Johnson v. Glick,* 481 F.2d at 1083, the factors to be considered were identified as follows:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*See also Hall v. Tawney,* 621 F.2d 607 (4 Cir. 1980).

■ Having stated the rule and its qualifications, we turn to its application. We accept the findings of the magistrate that Johnson, although he initiated the physical exchange, did so in the not unreasonable belief that King threatened belligerent action. These findings have substantial evidentiary support, and they are not clearly erroneous. We accept also, as not clearly erroneous, the finding that Johnson not unreasonably reacted with a degree of physical force. But we think clearly erroneous the findings that he acted reasonably throughout and employed only such reasonable force as was necessary under the circumstances. In order to subdue King it was only necessary to grab him and to neutralize his opportunity to resist by throwing him to the floor. It was not necessary to rip King's beard from his face. Further beating, as the magistrate found occurred, was clearly excessive and, as the magistrate found, unnecessary. In contravention of the magistrate's findings, we think that it was also unreasonable and wholly unjustified by the circumstances. King was the smaller man; King was repeating his intention not to resist; there were no other inmates in the room; and there were two guards to assist Johnson if help was needed. We can only infer pure malice or personal antipathy because aside from them we can conceive of no motivation for the blows that fell after King was pinned to the floor. It follows that King is entitled to damages to the extent that excess force was employed without just cause, and we remand the case to the district court to assess damages and enter judgment for King.

In light of the conclusion we have reached, it is unnecessary for us to consider King's other claims of error.

**REVERSED AND REMANDED.**