Richard HENDERSON, Jr., Plaintiff,

v.

M. V. COUNTS, Defendant.

Civ. A. No. 82–0194–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 2, 1982.

Richard Henderson, Jr., pro se.

Joseph P. Rapisarda, Acting County Atty., Henrico County, Richmond, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

Plaintiff Richard Henderson, Jr., is an inmate at the Henrico County (Va.) Jail. He has filed a section 1983 action against M. V. Counts, a Henrico County police officer. *See* 42 U.S.C. § 1983 (1976). The plaintiff alleges that Counts and another officer used excessive force in arresting him. Henderson seeks damages and a letter of apology from the defendant. Counts moves for summary judgment on the plaintiff's claim. *See* Fed.R.Civ.P. 56(b).

## I. FACTUAL BACKGROUND

On the morning of December 24, 1981, Counts attempted to stop Henderson for questioning about a recent bank robbery. The officer thought that the plaintiff fit

the description of the suspect in the bank robbery case. Henderson does not dispute that Counts had sufficient cause to stop him for questioning. The defendant claims that he asked Henderson several times to halt, but that the plaintiff failed to do so. Henderson again does not dispute this fact. When the plaintiff finally responded to the officer's requests, Counts ordered him to place his hands on the hood of Counts' police vehicle. Henderson apparently complied with this order.

At this point, the accounts given by Counts and Henderson begin to differ radically. The defendant asserts that Henderson first "moved his right hand towards his coat pocket as if he were reaching for a weapon." Affidavit of M. V. Counts ¶ 3. Counts and another officer then allegedly wrestled with the plaintiff in an attempt to handcuff him. *Id.* During the struggle, large amounts of cash fell out of Henderson's shirt. After the officers subdued the plaintiff, they formally arrested him.

Henderson, on the other hand, claims that Counts began striking him in the face without provocation. After hitting him five or six times, the officer then allegedly threw him to the ground and continued the beating. Henderson contends that Counts finally handcuffed him and dragged him to the rear of the police vehicle. At this time, Counts supposedly threw the plaintiff into the trunk of the vehicle.

On March 15, 1982, Henderson filed a section 1983 action against Counts in this court. His complaint does not indicate which constitutional provision forms the basis for his section 1983 claim. The plaintiff seeks $10,000 in damages and a letter of apology from Counts.

## II. LEGAL ANALYSIS

The defendant moves for summary judgment on the ground that Henderson's claim does not amount to a constitutional violation. The plaintiff's allegations do not implicate any of the specific guarantees enumerated in the Bill of Rights.[1] The court, therefore, will analyze Henderson's claim only in terms of procedural and substantive due process.

The Supreme Court's decision in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), provides the touchstone for a procedural due process analysis of the plaintiff's allegations. Under *Parratt*, a meaningful postdeprivation remedy is sufficient to satisfy due process, unless the deprivation in question was pursuant to an established state practice or procedure. *See id.* 451 U.S. at 541, 101 S.Ct. at 1915–16. *Parratt* dealt only with negligent property deprivations. *See id.* at 536–37, 101 S.Ct. at 1913–14. The court, however, rules that the decision's rationale also applies to intentional nonproperty takings such as the assault and battery alleged here. *See id.* at 541, 101 S.Ct. at 1915–16; *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1352 (9th Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3508, 73 L.Ed.2d 1382 (1982); *Irshad v. Spann*, 543 F.Supp. 922 at 927 n.1 (E.D.Va. July 19, 1982); *Frazier v. Collins*, 538 F.Supp. 603, 607 (E.D.Va.1982); *Eberle v. Baumfalk*, 524 F.Supp. 515, 517–18 (N.D.Ill.1981); *Mesh-*

---

1. The eighth amendment's prohibition against cruel and unusual punishment does not apply here, because there had been no adjudication of Henderson's guilt at the time of the incident in question. *See Bell v. Woltish*, 441 U.S. 520, 535 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979); *Loe v. Armistead*, 582 F.2d 1291, 1293–94 (4th Cir. 1978), *cert. denied sub nom. Moffitt v. Loe*, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). In addition, the fourth amendment is inapposite here. Counts certainly had sufficient cause to stop Henderson for questioning. *See Terry v. Ohio*, 392 U.S. 1, 20–27, 88 S.Ct. 1868, 1879–1883, 20 L.Ed.2d

889 (1968). It is also clear that the defendant had probable cause to arrest the plaintiff after the money fell out of his shirt. *See United States v. Santana*, 427 U.S. 38, 42, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300 (1976); *United States v. Watson*, 423 U.S. 411, 423, 96 S.Ct. 820, 827, 46 L.Ed.2d 598 (1976); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Thus, the allegations of the complaint do not implicate the fourth amendment. None of the other provisions of the Bill of Rights are even remotely related to the events in question.

kov v. Abington Township, 517 F.Supp. 1280, 1286 (E.D.Pa.1981); Sheppard v. Moore, 514 F.Supp. 1372, 1376 (M.D.N.C. 1981). But see Howse v. DeBerry Correctional Institute, 537 F.Supp. 1177, 1178–80 (M.D.Tenn.1982); Peters v. Township of Hopewell, 534 F.Supp. 1324, 1333–34 (D.N.J. 1982); Tarkowski v. Hoogasian, 532 F.Supp. 791, 794–95 (N.D.Ill.1982); Parker v. Rockefeller, 521 F.Supp. 1013, 1016 (N.D.W.Va. 1981).

The official misconduct alleged by Henderson was no more than an isolated action in violation of state law. Procedural due process, therefore, requires only a meaningful post-deprivation remedy. See Parratt v. Taylor, 451 U.S. at 541, 101 S.Ct. at 1915–16; Irshad v. Spann, 543 F.Supp. at 926–927. Virginia law provides such a remedy in the form of a common-law action for assault and battery. See Davidson v. Allam, 143 Va. 367, 372, 130 S.E. 245, 246 (1925). See generally, Irshad v. Spann, 543 F.Supp. at 927–929. Thus, Henderson's complaint does not state a valid procedural due process claim.

The court next must apply a substantive due process analysis to the plaintiff's claims. The court already has held that none of the guarantees contained in the Bill of Rights directly cover this case. The due process clause, however, creates certain substantive rights that are not explicit in the first ten amendments. See Roe v. Wade, 410 U.S. 113, 152–53, 93 S.Ct. 705, 726–27, 35 L.Ed.2d 147 (1973); Griswold v. Connecticut, 381 U.S. 479, 484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965); Rochin v. California, 342 U.S. 165, 172–74, 72 S.Ct. 205, 209–10, 96 L.Ed. 183 (1952). Most of these rights derive indirectly from the provisions of the Bill of Rights. See Griswold v. Connecticut, 381 U.S. at 484, 85 S.Ct. at 1681.

In this case, Henderson relies on a due process right to physical integrity. He implies that Counts has violated his right to be free of unnecessary physical contact with state officers. This right derives ultimately from the eighth amendment's prohibition against cruel and unusual punishment. This amendment, as incorporated by the fourteenth amendment, provides state convicts with a limited right of physical integrity. See King v. Blankenship, 636 F.2d 70, 72–73 (4th Cir. 1980); Withers v. Levine, 615 F.2d 158, 161–62 (4th Cir.), cert. denied, 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980). The eighth amendment does not apply directly in this case, because Henderson was not serving a sentence of any kind at the time of his encounter with Counts. See Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979); Loe v. Armistead, 582 F.2d 1291, 1293–94 (4th Cir. 1978), cert. denied sub nom. Moffitt v. Loe, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). Its penumbra, however, gives rise to a substantially congruent right of physical integrity for pretrial detainees. See King v. Blankenship, 636 F.2d at 72–73; Hall v. Tawney, 621 F.2d 607, 611 n.5 (4th Cir. 1980); Loe v. Armistead, 582 F.2d at 1293–94; Bellows v. Dainack, 555 F.2d 1105, 1106 n.1 (2d Cir. 1977); Johnson v. Glick, 481 F.2d 1028, 1032–33 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); Jenkins v. Averett, 424 F.2d 1228, 1231–32 (4th Cir. 1970). See generally Griswold v. Connecticut, 381 U.S. at 484, 85 S.Ct. at 1681. The precise basis for this right is substantive due process. See Bell v. Wolfish, 441 U.S. at 535 n.16, 99 S.Ct. at 1872 n.16; King v. Blankenship, 636 F.2d at 72; Loe v. Armistead, 582 F.2d at 1293–94.

The question that remains is whether the misconduct alleged by Henderson falls within the scope of this due process right to physical integrity.[2] The gener-

---

2. The due process standard applicable to pretrial detainees also applies to a person who is in the process of being arrested. See Prosise v. Haring, 667 F.2d 1133, 1136 (4th Cir. 1981); Bellows v. Dainack, 555 F.2d 1105, 1106 n.1 (2d Cir. 1977); Johnson v. Glick, 481 F.2d 1028, 1032–33 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973); Jenkins v. Averett, 424 F.2d 1228, 1231- 32 (4th Cir. 1970). This standard, therefore, governs Henderson's case.

al test for identifying conduct that violates due process is to determine whether a particular action "shock[s] the conscience." *Rochin v. California,* 342 U.S. at 172, 72 S.Ct. at 209. The Fourth Circuit has created specific guidelines for implementing this standard in physical abuse cases:

> [T]he unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause. . . . [However,] not every instance of the use of excessive force gives rise to a cause of action under § 1983 merely because it gives rise to a cause of action under state tort law or is prosecutable under criminal assault and battery law. The key phrases "unjustified striking, etc." and "without just cause" in our statement of the rule must be read with reference to the Eighth and Fourteenth Amendments and not to state tort law even though an excessive use of force giving rise to a cause of action under § 1983 most probably will also give rise to a cause of action under state tort law.

The precise formulation of when the excessive use of force gives rise to a cause of action under § 1983 is not an easy one, but in *Johnson v. Glick,* 481 F.2d at 1033, the factors to be considered were identified as follows:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*King v. Blankenship,* 636 F.2d at 72–73. The court will apply these guidelines in deciding whether Henderson's complaint states a valid substantive due process claim.[3]

For the purposes of deciding this question, the court must assume that the plaintiff's allegations are true. His complaint passes the threshold test of alleging that Counts struck him maliciously and without provocation. The complaint, however, fails to mention the severity of the injuries inflicted upon the plaintiff by Counts. This factor is critical in determining whether the plaintiff's claim passes constitutional muster. The court, therefore, cannot grant summary judgment at this time, because it is not certain that Henderson can prove no set of facts that would entitle him to relief on his claim. *See Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

The court orders Henderson to file within twenty days of the date of this opinion a signed affidavit contradicting the defendant's version of the incident in question. This affidavit also should indicate the ex-

---

**3.** In *Hall v. Tawney,* 621 F.2d 607 (4th Cir. 1980), the Fourth Circuit stated these guidelines in slightly different terms:

> [W]e do not find the substance of this right [to physical integrity] in the parallel right defined by state assault and battery law. Instead we find it grounded in those constitutional rights given protection under the rubric of substantive due process . . .: the right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience of a court. . . .
> . . . As in the cognate police brutality cases, the substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.

*Id.* at 613. The *Hall* test for a due process violation seems to impose a greater burden on the plaintiff than the test enunciated in *King v. Blankenship,* 636 F.2d 70 (4th Cir. 1980). The court believes that the statement of the standard in *Hall* is the more accurate one. It, however, will apply the *King* test in this case, because the facts of *King* are so similar to those alleged here.

tent of the injuries that the plaintiff suffered as a result of the incident. If the plaintiff fails to file such an affidavit within twenty days, the court will dismiss his complaint.