804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bennie Lee LINDER, Appellant,
v.
F.K. SANDERS; L.V. Stephenson; C.D. Boone; F.A. Evans;
D.C. Durham; Lt. D. King; C. Cheek; I. Clark, Appellees.
 No. 85-6669.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 21, 1986.
Decided Nov. 4, 1986.
 
 Bennie Lee Linder, appellant pro se.
 Jacob L. Safron, Special Deputy Attorney General, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bennie Lee Linder, a North Carolina inmate, appeals from a judgment of the district court entered against him on his 42 U.S.C. Sec. 1983 complaint. Linder's complaint alleged the following violations of his constitutional rights:
 
 
 2
 (1) prison guards assaulted him while escorting him to the shower;
 
 
 3
 (2) defendants refused to make sufficient copies of legal documents and confiscated his legal papers;
 
 
 4
 (3) defendants discriminated against him by forbidding him to receive a radio sent from home;
 
 
 5
 (4) defendants refused to allow him to change cells;
 
 
 6
 (5) his mail was withheld; and
 
 
 7
 (6) defendants refused to fix the light switch or window in his cell and refused to allow him to clean his cell.
 
 
 8
 The district court entered summary judgment in favor of the defendants on all claims except the first one. We affirm, based on the reasoning of the magistrate as adopted by the district court, the entry of summary judgment on claims two through six. Linder v. Sanders, C/A No. 82-1225-CRT (E.D.N.C., Jan. 10, 1984).
 
 
 9
 Linder's first claim, alleging an assault on him by prison guards, was set for trial before a jury. Linder contended that the defendants, without provocation, knocked him against the wall of his cell door and then beat him with their billy sticks in his head, arms, legs, shoulder and stomach. The defendants, on the other hand, maintained that when Linder attempted to throw a cup of liquid into another inmate's cell, they restrained him. A struggle ensued until another officer subdued Linder by striking him twice with a riot baton. The jury unanimously found that the defendants did not violate Linder's civil rights by using excessive force against him.
 
 
 10
 Linder moved in the district court for preparation of a transcript at government expense for use on this appeal. The district court denied the motion, finding the appeal to be frivolous.
 
 
 11
 On appeal, Linder complains of the district court's failure to obtain service of process on Officer Clark, the officer whom the defendants concede did strike Linder with a riot baton. Linder named Officers Clark, Cheek and King as parties defendant upon being afforded an opportunity by the district court to amend his complaint to name those directly involved in the assault. Service of process was never, however, made on Officer Clark. The return of service reflects that Clark was no longer employed by the Department of Corrections, and that the department was unable to locate Clark at his former address. In view of the efforts made to effect service on Officer Clark, we find Linder's argument on this point to be without merit.
 
 
 12
 Linder also charges error in the district court's failure to consider the liability of supervisory officials for the officers' assault upon him. Linder failed, however, to establish any basis for holding the supervisory officials liable. See Slakan v. Porter, 737 F.2d 368 (4th Cir.1984), cert. denied, --- U.S. ----, 53 U.S.L.W. 3635 (Mar. 4, 1985).
 
 
 13
 Linder next contends that the district court erred in refusing to appoint counsel for him. The record reveals Linder to be a skilled litigant and his claims to be straightforward ones. We accordingly find no abuse of discretion in the district court's refusal to appoint counsel. Cook v. Bounds, 518 F.2d 779 (4th Cir.1975).
 
 
 14
 Linder's next contention centers on the district court's requirement that he present his witnesses by way of deposition rather than through live testimony. The Marshal's Service and North Carolina prison officials were concerned about security problems presented by bringing Linder's four witnesses, all of whom were on intensive management, to the court to testify. Two of Linder's proposed witnesses had been ringleaders in a hostage situation and takeover of a portion of Central Prison in 1982. At these witnesses' subsequent trial on kidnapping charges, both had interrupted the court proceedings by use of loud and vulgar language. Weighing these concerns, the district court directed that the witnesses be deposed before a magistrate and that their testimony be presented at trial by way of deposition. The district court had discretion to require presentation of Linder's evidence by way of deposition if security concerns outweighed Linder's interest in presenting live testimony. See Jerry v. Francisco, 632 F.2d 252 (3d Cir.1980); Ball v. Woods, 402 F.Supp. 803 (N.D.Ala.1975), aff'd m'em sub nom. Ball v. Shamblin, 529 F.2d 520 (5th Cir.), cert. denied, 426 U.S. 940 (1976). The record does not suggest an abuse of discretion by the district court.
 
 
 15
 Linder argues that the district court erred in denying his motion in limine by which he sought to prevent the defendants from testifying regarding conditions on intensive management and the reason for Linder's placement on intensive management. As such testimony would bear on the circumstances surrounding the defendants' use of force, there was no error in its admission. Linder also objects to the district court's refusal to allow him to review the personnel records of Officers King and Cheek. The district court, however, examined these records in camera and found that they contained no discoverable information.
 
 
 16
 Linder also objects to the jury instructions given at the close of evidence. He complains that the district court failed to provide the jury with adequate guidance on damages to be awarded. As the jury failed to find any liability on the part of the defendants, this alleged deficiency would be harmless. Linder also claims that the jury was not properly instructed on the defense of good faith or qualified immunity. Our review of the instructions given by the district court reveals that the court properly instructed the jury, in accordance with our decision in King v. Blankenship, 636 F.2d 70 (4th Cir.1980), on the factors to be considered in determining whether the force used was excessive. The court declined to give the good faith immunity instruction proposed by the defendants, and we find no error in the instructions given.
 
 
 17
 The remaining arguments raised by Linder on appeal are equally without merit. Therefore, although we grant Linder's request to file his initial brief out of time, we decline to order preparation of a trial transcript at government expense. The record before the Court, including the depositions of Linder's witnesses, provides an adequate basis for resolving the issues on appeal, and we find preparation of a transcript unnecessary. The judgment of the district court is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 18
 AFFIRMED.