898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marc Everett PEACE, Plaintiff-Appellant,
v.
Kelvin Wayne THOMAS; D.T. Mahon, Assistant Warden; Edward
W. Murray, Director; Commonwealth of Virginia,
Defendants-Appellees.
 No. 89-6548.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 21, 1989.
Decided: Feb. 15, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, United States Magistrate. (C/A No. 88-250-R)
 Marc Everett Peace, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellees.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marc Everett Peace appeals the district court's judgment in favor of the defendants and dismissal of his action brought pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Peace, a Virginia inmate, alleged that correctional officer Thomas used unreasonable and excessive force when he slammed a cell door against Peace's hand. The unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. Sec. 1983 on the part of the one who, acting under the color of state law, engages in such conduct without just cause. King v. Blankenship, 636 F.2d 70, 72 (4th Cir.1980). In determining whether the use of force is unconstitutional, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. King, 636 F.2d at 72.
 
 
 3
 Some application of force was necessary to calm the plaintiff. Each witness who testified, including Peace himself, agreed that Peace was making disruptive noise and refused to stop after Thomas asked him to cease. This noise was disruptive to the nearby medical and classroom areas.
 
 
 4
 Upon proper authorization, Thomas informed Peace that he was going to close the outer, solid steel door to the cell. Peace's injury then occurred when Thomas closed the door. Peace's injury was not extensive. Medical records reflect that Peace's left hand required five sutures for "superficial lacerations"; he suffered no permanent injury.
 
 
 5
 Finally, the force was applied in a good faith effort to maintain or restore discipline, not for any malicious or sadistic purpose. Evidence presented to the magistrate reflects only that Thomas did what was necessary to calm a disruptive inmate.* The magistrate credited Thomas's version that the injury was unintentional over Peace's assertion that it was deliberate. The factual findings of a magistrate are entitled to the same deference upon review as those of the trial court under the clearly erroneous standard. Gairola v. Virginia Department of General Services, 753 F.2d 1281, 1288 (4th Cir.1985). These findings were not clearly erroneous.
 
 
 6
 For the reasons stated above, we affirm the magistrate's disposition of Peace's case. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The case was tried to a magistrate upon consent of the parties pursuant to 28 U.S.C. Sec. 636(c)