**Thomas OSES, Plaintiff,**

v.

**Michael V. FAIR, et al., Defendants.**

**Civ. A. Nos. 89–0562–H and 89–0693–H.**

United States District Court,
D. Massachusetts.

July 9, 1990.

Thomas Oses, pro se.

Stephen G. Dietrick, Deputy Gen. Counsel, Nancy Ankers White, Sp. Asst. Atty. Gen., Dept. of Correction, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The above-numbered civil suits were consolidated for trial before the Court without a jury. The Plaintiff Oses is an inmate incarcerated in the Massachusetts Correctional system. The Court has dismissed all defendants from the case with the exception of John Cummings who is an employee of the Massachusetts Department of Corrections.

■ The Supreme Court has held that the Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976), *citing Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir.1968). Repugnant to the Eighth Amendment is conduct which "violates evolving standards of decency that mark the progress of a maturing society," *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958), or which "shocks the most fundamental instincts of civilized man." *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 67 S.Ct. 374, 376, 91 L.Ed. 422 (1947).

■ A prison guard's unjustified striking, beating or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause. *Unwin v. Campbell*, 863 F.2d 124, 129 (1st Cir.1988); *King v. Blankenship*, 636 F.2d 70, 72 (4th Cir.1980) (collecting cases); *see also Sampley v. Ruettgers*, 704 F.2d 491, 495 (10th Cir.1983). Where institutional security is not at stake, the officials' license to use force is limited. "Eighth Amendment liability will be imposed where the [prison]

officials' actions involve the wanton and unnecessary infliction of pain as determined by the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Unwin v. Campbell,* 863 F.2d 124, 135 (1st Cir.1988).

Civil Action No. 89–0562 alleges that the Defendant John Cummings committed "cruel and unusual punishment" on the person of the plaintiff on January 17, 1989. This matter was thoroughly investigated by the Department of Corrections and a full administrative hearing was conducted thereon. I find that the physical and verbal confrontation which occurred between the plaintiff and the Defendant Cummings on that date does not "shock the fundamental instincts" of the court, which is the standard necessary to establish "cruel and unusual punishment." Moreover, as a result of the administrative process, appropriate findings were rendered by Massachusetts Correctional authorities and a proper decision was made. The plaintiff received due process of law and the Department of Corrections has taken every step necessary to insure that his constitutional rights were protected.

Civil Action No. 89–0693 alleges that in October, 1988 the Defendant Cummings assaulted the plaintiff, in the presence of Cummings' wife, by striking him on the head, by brandishing a .38 caliber revolver, by placing the .38 caliber revolver onto plaintiff's person, by sticking the barrel of the .38 revolver into plaintiff's mouth, by forcing the plaintiff to kiss his wife's shoes, by emptying the chamber of the revolver of all bullets but one and then cocking the gun while the barrel was still in plaintiff's mouth, as well as committing other assorted batteries. The plaintiff received no physical injuries from the Defendant Cummings' acts. When the Defendant Cummings emptied his revolver of all shells except one, the shells fell on the floor.

The evidence established that plaintiff had instigated the circulation of a rumor throughout Old Colony Prison that he was having a sexual affair with Defendant Cummings' wife, who is also employed as a prison official. According to plaintiff, it was defendant's awareness of this rumor which precipitated defendant's assaultive behavior in October, 1988 and which initiated their confrontation on January 17, 1989. Plaintiff introduced into evidence, in an attempt to prove this relationship, some hand-printed love letters purportedly written by defendant's wife in a disguised hand-written style. The Court makes no determination as to the identity of the author of these letters.

I find that the plaintiff's allegations as to defendant's assaultive conduct as set forth in this complaint are true. I had the opportunity to observe the plaintiff on the witness stand and in the conduct of the prosecution of his own case and determine that he is absolutely sincere in pursuing these allegations. His every action manifests a convincing determination to obtain justice. His persuasive testimony is supported by his possession of two bullets which he testified were dropped from the chamber of Cummings' gun onto the floor prior to Cummings' playing "Russian roulette" with the one remaining bullet contained in the chamber. I rule that such conduct does "shock the fundamental instincts" of the Court.

The defendant raises the possibility that plaintiff had these two bullets smuggled into prison on or about June 12, 1990, at a time when he received a package containing sneakers from his girlfriend. However, a review of the papers filed in this case reflects that on March 17, 1989, when the original complaint in Civil Action No. 89–0693 was filed, the plaintiff advised the Court that he possessed at that time the two bullets which would corroborate his allegations. In addition, plaintiff's Motion in Opposition, dated June 7, 1990, reflects that he was at that time still in possession of the two .38 caliber bullets. Additionally, on February 15, 1989, prior to his filing either of the two instant actions, he advised Mrs. Paige, a Department of Corrections' investigator, that he was not going to discuss a matter relating to a gun with her,

710

but would leave that matter for resolution in the Federal Court.

Those who hold an official position must exercise the authority of the office with patience, humility, and forbearance. A public official can never abuse his power over those subject to it, even in the face of extreme provocation.

Defendant Cummings committed a grievous act, yet he was driven to it by plaintiff's disreputable and taunting behavior. Defendant was provoked to his emotional breaking point by acts cunningly calculated to incite defendant to do the type of acts complained of. Any person of ordinary temperament and composure, hearing rumors of his wife's infidelity being fanned by the alleged co-respondent himself, would be hard-pressed to arrest his wrath and refrain from retaliating with physical force actuated by blind fury. Plaintiff was bragging that he was violating defendant's marital relationship, a person's most sacred and precious possession, and, thus, intentionally goaded defendant into a violent response. Acts of passion done in righteous anger, although not condoned by the Court, warrant the imposition of a more lenient remedy, as the law counsels sympathy for human frailty in this most sensitive situation. Othello still retains our empathy, even after his most horrid deed. Thus, any assessment of damages must be evaluated in the light of this factor which compels mitigation in the calculation of any amount to be awarded.

No public official, including prison officials, can be allowed to abuse the power of their position; yet inmates are not to be highly rewarded for injuries incurred which their outrageous conduct so purposefully provoked. "Who steals my purse steals trash." He who steals a person's good name deserves nothing but disdain.

I award the plaintiff damages in the amount of $1,000.00, plus interest and costs.