914 F.2d 1490
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony CROWELL, Plaintiff-Appellant,
v.
C.E. JOHNSON, Officer Boswell, Sergeant Johnson, Toni V.
Bair, David Williams, M.A. Evanchyk, Defendants-Appellees.
 No. 89-7080.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1989.
Decided Sept. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-88-548-N)
 Anthony Crowell, appellant pro se.
 Jeanette Dian Rogers, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Crowell, a Virginia prisoner, filed this 42 U.S.C. Sec. 1983 action asserting two claims. Our review of the record and the district court's opinion discloses that Crowell's claim that the procedures followed at his disciplinary hearing violated due process is without merit. Accordingly, we affirm the dismissal of that claim on the reasoning of the district court. We reach a different result, however, with respect to Crowell's claim that excessive force was used against him. We vacate and remand that claim for further proceedings.
 
 
 2
 Inmates are protected from the use of excessive force against them by the cruel and unusual punishment clause of the eighth amendment. Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571). The eighth amendment standard is a difficult one to satisfy. Miller v. Leathers, 885 F.2d 151, 153 (4th Cir.1989). Obduracy and wantonness, rather than unreasonableness, characterize the actions which form the basis for constitutional violations. Factors determining whether the force used was obdurate and wanton include the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted. Miller, 885 F.2d at 154. Whether the force was applied in a good faith effort to maintain or restore discipline or was used maliciously or sadistically for the very purpose of harm should also be considered. Bailey v. Turner, 736 F.2d 963, 965 (4th Cir.1984); King v. Blankenship, 636 F.2d 70, 73 (4th Cir.1980); Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980).
 
 
 3
 In the summary judgment context, a plaintiff can only survive the motion if " 'evidence viewed in the light most favorable to him [goes] beyond a mere dispute over the reasonableness of the force used and ... support[s] a reliable inference of the wantonness in the infliction of pain.' " Miller, 885 F.2d at 154-55, quoting Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir.1987).
 
 
 4
 The record in this case disclosed several factual disputes between the parties. Crowell alleged that Johnson initiated the violence by "jerking and twisting" on the handcuffs and chain. Johnson asserted that he ordered Crowell to turn for the placement of a waist chain, that Crowell only partially turned, backing up against a screen which made it impossible to put on the restraints. Crowell insisted that he asked to be returned to his cell rather than continue to be twisted and jerked. Johnson stated that he ordered Crowell back to his cell and Crowell resisted. Crowell alleged that Officer Boswell grabbed the handcuff chain and "jerked down very hard" and then Johnson "punched him in the face and head." The officers denied hitting Crowell and claimed instead that they pushed and pulled him back to his cell.
 
 
 5
 Crowell insisted that he called for medical treatment; Sergeant Johnson alleged that he saw Crowell five minutes after the injury and that Crowell did not tell him he had been injured. Finally, Crowell claimed that he suffered head injuries resulting in swelling and pain. Dr. Tiel found no evidence of injury other than wrist scratches.
 
 
 6
 The present case presents a grant of summary judgment where the disputed facts, taken in the light most favorable to the appellant, show no need for the use of force in the first instance. Where there is no need for force, "a reliable inference of wantonness in the infliction of pain is present." Miller, 885 F.2d at 155. Further, the force was not applied, under Crowell's version, "in a good faith effort to maintain or restore discipline" but can be said to have been used "for the very purpose of harm." King v. Blankenship, 636 F.2d 70, 73 (4th Cir.1980), citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 F.2d 1033 (1973). In addition, allegations of permanent injury are not required to state a constitutional claim. Norris v. District of Columbia, 737 F.2d 1148, 1151 (D.C.Cir.1984); see Hodges v. Stanley, 712 F.2d 34, 36 (2d Cir.1983) (allegation that use of force was gratuitous is enough to withstand dismissal). Given the present state of the record, summary judgment was inappropriate in this case.
 
 
 7
 Accordingly, we vacate that portion of the district court's judgment dismissing the excessive force claim and remand for further proceedings consistent with this opinion. Dismissal of the due process claim is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.