915 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tryphon PEACOCK,
v.
Officer ADAMS, Officer McLamb, Officer Powell, Defendants-Appellees.
 No. 89-7695.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1990.
Decided Oct. 1, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (CA-88-735-CRT)
 Tryphon Peacock, appellant pro se.
 Lucien Capone, III, Assistant Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tryphon Peacock, a North Carolina inmate housed at the Central Prison's Mental Health West unit, filed a 42 U.S.C. Sec. 1983 complaint seeking monetary and injunctive relief, alleging that (1) he had been subjected to the forcible administration of antipsychotic medication over his objection, and (2) the officers administering the medication used excessive force. The district court granted defendants' motion for summary judgment, holding that the administration of the medication was properly based on the professional judgment of Dr. Smith[1] and that the force used was reasonable under the circumstances. We affirm in part, reverse in part, and remand.
 
 
 2
 * This situation was addressed by the Supreme Court in its recent decision in Washington v. Harper, 58 U.S.L.W. 4249 (U.S. Feb. 27, 1990) (No. 88-599).[2] In Harper, the Court recognized that an inmate in these circumstances has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." 58 U.S.L.W. at 4252. Thus, a state may only "treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interests." Id. at 4254.
 
 
 3
 To ensure that this liberty interest is protected, the Court held that a judicial, adversarial hearing was not required but that procedural safeguards are needed to ensure the prisoner's interests are taken into account. Id. at 4256. Primary among these safeguards is the necessity for independent review of the decision to medicate. The Court noted with approval that the scheme implemented by the state of Washington provided for a separate administrative hearing to review the doctor's decision to medicate and that "[n]one of the hearing committee members may be involved in the inmate's current treatment or diagnosis." Id. Furthermore, the Court held that due process was satisfied with the Washington provisions for notice of the hearing, the right to be present at the hearing, the right to present and cross-examine witnesses, and judicial review of the decision to medicate. Id.
 
 II
 
 4
 The record shows that Dr. Smith instructed institutional nurse Powell to administer a 50 mg. shot of Thorazine to Peacock, with force if necessary, "to control his behavior." There is no indication in the record that Dr. Smith's decision was ever independently reviewed or that Peacock had a forum to contest the decision.
 
 
 5
 Nonetheless, the district court held that the administration of the drugs was proper because it was pursuant to the professional judgment of Dr. Smith, a licensed psychiatrist. The district court reached this conclusion in large part on our decision in United States v. Charters, 863 F.2d 302 (4th Cir.1988) (en banc), cert. denied, 58 U.S.L.W. 3565 (U.S. Mar. 5, 1990) (No. 88-6525). The district court's reading of Charters was reasonable. However, we follow, as we must, the law as defined by the Supreme Court in Harper. Based on Harper and the record before us, we find that Peacock has stated a valid legal claim for relief and that there is a genuine dispute of the material facts underlying that claim. Therefore, the district court improperly granted summary judgment. See Fed.R.Civ.P. 56(c).
 
 III
 
 6
 Regarding Peacock's excessive force claim, we hold that summary judgment was properly granted. We note that Peacock never disputed defendants' assertions that he swung at nurse Powell. Furthermore, Peacock has not shown that Powell, Adams, and McLamb did anything but follow Dr. Smith's orders in forcibly administering the medication. Finally, Peacock has not established that he ever suffered any injury resulting from Adams' use of a baton to subdue him. Thus, summary judgment was properly entered against Peacock on this claim. See King v. Blankenship, 636 F.2d 70 (4th Cir.1980).
 
 IV
 
 7
 Accordingly, we reverse the judgment of the district court regarding the forced medication claim, affirm the judgment dismissing the excessive force claim, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Dr. Smith was not named as a party in this lawsuit
 
 
 [2]
 This case was held in abeyance by this Court pending the decision in Harper