986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Edwin GRIMSLEY, Plaintiff-Appellant,
v.
Bruce LUTTRELL, Defendant-Appellee,
and John R. Riley; Darnley Hodge; Cletus Bell, Defendants.
 No. 91-7225.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 27, 1992
Decided: March 2, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., District Judge. (CA-90-221-R)
 Robert Edwin Grimsley, Appellant Pro Se.
 J. Ross Newell, III, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 Before MURNAGHAN, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Edwin Grimsley, who was an inmate trustee at Virginia's Clarke-Frederick-Winchester Regional Adult Detention Center ("CFW") at all times relevant to this action, appeals from the district court's dismissal of his pro se claim for damages against Sergeant Bruce Luttrell, a CFW employee, under 42 U.S.C.s 1983 (1988). Grimsley alleged that Luttrell subjected him to verbal sexual harassment and unwarranted and unnecessary physical abuse on several occasions, that Luttrell was aware that Grimsley was suffering from a mild mental disorder and consciously acted to aggravate that disorder with his abusive conduct, and that Luttrell threatened to retaliate against him if he lodged any complaints about this conduct.[1]
 
 
 2
 The district court, reviewing the magistrate judge's recommendation de novo,[2] dismissed this action after concluding that Grimsley failed to establish his claims by a preponderance of the evidence. We affirm the district court's decision as to all claims disputed at the evidentiary hearing before the magistrate judge, but vacate and remand the physical abuse claim premised on Luttrell's admitted use of a kubotan[3] on Grimsley's hand, as it appears on this record that the district court overlooked this claim.
 
 I.
 
 3
 Both Grimsley and Luttrell testified at the evidentiary hearing. Grimsley detailed his earlier allegations of abuse and excessive force, asserting, among other things, that Luttrell slapped or grabbed him in the groin on several occasions while making homosexual comments, offered him money to engage in sexual acts, subjected him to various forms of physical restraint-including the use of a kubotan-for no reason, and threatened to "bury" him under the penitentiary if he filed a complaint. He presented two witnesses, whose testimony was vague and inconclusive, and also attempted to offer into evidence three affidavits, including the affidavit of two inmates and a CFW employee with whom he had worked, which directly supported his claims to varying degrees. The magistrate judge excluded the affidavits as inadmissible hearsay.
 
 
 4
 Luttrell testified that he had used a kubotan on Grimsley twice in one day for the sole purpose of demonstrating its use, and further admitted that using the kubotan on Grimsley reflected poor judgment. He denied Grimsley's remaining allegations, however. Luttrell offered four witnesses, all of whom were employed by CFW during the relevant period. None of the witnesses testified about the specific conduct alleged by Grimsley, but rather focused on the manner in which the internal investigation of the allegations contained in Grimsley's § 1983 action was handled, the reasons for Grimsley's removal from trustee status and eventual transfer to another institution,[4] and Grimsley's failure to file an administrative complaint concerning Luttrell.
 
 
 5
 At the conclusion of the hearing, the magistrate judge issued a Report and Recommendation recommending dismissal of Grimsley's claims. The magistrate judge found that Luttrell's version of events, while not entirely believable, was more credible than Grimsley's, and thus concluded that Grimsley had failed to prove his claims by a preponderance of the evidence. The magistrate judge did not discuss Luttrell's admitted use of the kubotan. The district court adopted the magistrate judge's Report and Recommendation after de novo review, and dismissed this action. This appeal followed.
 
 II.
 
 6
 The district court's decision turned on its interpretation of the contradictory facts elicited at the evidentiary hearing. We must affirm the court's findings of fact unless clearly erroneous. Fed. R. Civ. P. 52(a). "Clear error" is only established where the evidentiary record as a whole leads to the "definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). A factfinder's choice between two plausible but contradictory versions of the facts is virtually never clear error. Id. at 575; Davis v. Food Lion, 792 F.2d 1274, 1277 (4th Cir. 1986). Factual findings premised on credibility determinations are entitled to even greater deference, given the trial court's special ability to observe witness demeanor. Anderson, 470 U.S. at 575.
 
 
 7
 Apart from Luttrell's use of the kubotan, every claim made by Grimsley was largely uncorroborated by other sources and flatly contradicted by Luttrell. The magistrate judge was thus left with the task of weighing two equally plausible but diametrically opposite versions of the alleged events. He chose to credit Luttrell's testimony over Grimsley's. Because the magistrate judge was in the best position to weigh the evidence and make this credibility determination, we find no clear error in the district court's decision to adopt the magistrate judge's Report and Recommendation and dismiss all claims disputed by Luttrell.
 
 III.
 
 8
 Grimsley stated a claim for excessive use of force in addition to his sexual abuse and retaliation claims. Of the various incidents underlying the excessive force claim described by Grimsley, only one-use of the kubotan-was admitted by Luttrell. The district court failed to indicate whether this conduct, which Luttrell admits was inappropriate and which Grimsley says caused severe pain, warranted Eighth Amendment relief.
 
 
 9
 We noted in King v. Blankenship, 636 F.2d 70, 72 (4th Cir. 1980), that "the unjustified striking, beating, or infliction of bodily harm upon a prisoner by the police or a correctional officer gives rise to liability under 42 U.S.C. § 1983 [1988]." Factors relevant to the Eighth Amendment inquiry include the need for application of force, the relationship between that need and the amount of force used, and the extent of injury. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991). A showing of "significant injury" warranting medical treatment is not required. Hudson v. McMillian, 60 U.S.L.W. 4151 (U.S. 1992).
 
 
 10
 In order to determine whether Luttrell's admitted use of the kubotan met the standard enunciated in these precedents, we vacate the district court's dismissal of this claim and remand for further consideration.[5] In all other respects, the district court's decision is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 An additional claim against CFW employees and correctional officials for failing to provide a safe environment was voluntarily dismissed
 
 
 [2]
 The district court referred this case to the magistrate judge for trial under 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 1991), after granting the Defendant's Motion for Summary Judgment as to Grimsley's claim of verbal harassment, on the basis that this claim failed to state a constitutional violation, but denying summary judgment on all remaining claims
 
 
 [3]
 A kubotan is a miniature billy club with an attached ring, designed to subdue inmates by inflicting pain
 
 
 [4]
 Those reasons appeared to be unrelated to Luttrell
 
 
 [5]
 Our remand should not be construed as a tacit comment on the merits of this claim. We leave a determination on the merits solely to the province of the district court