37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Kenneth D. GREGORY, Plaintiff-Appellant,
v.
Joe MEDLIN, Defendant-Appellee.
 No. 93-7127.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 20, 1994.
Decided: Oct. 12, 1994.
 
 Kenneth D. Gregory, appellant Pro Se. Vinton DeVane Lide, Lide, Montgomery & Potts, P.C., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Gregory appeals from a jury verdict against him after a trial on his excessive force claim. We grant leave to proceed in forma pauperis and affirm.
 
 
 2
 Gregory filed a 42 U.S.C. Sec. 1983 (1988) action against Joe Medlin, an officer at York County Detention Center. Gregory asserted that Medlin unhandcuffed him as he was being escorted to another cell, and proceeded to beat him around the head and face with the handcuffs. Medlin testified that Gregory complained that the handcuffs were too tight. Medlin removed the handcuffs, and Gregory attacked him, pinning one arm. The handcuffs were in Medlin's free hand, which he used to defend himself until Gregory was subdued.
 
 
 3
 When we review a jury's verdict, we "may not substitute our judgment of the facts for that of the jury or pass on the credibility of the witnesses." Murdaugh Volkswagen, Inc. v. First Nat'l Bank, 801 F.2d 719, 725 (4th Cir.1986). Additionally, we review the evidence in a light most favorable to the winning party. Id.
 
 
 4
 As a pretrial detainee, Gregory's liberty interest arose from the Due Process Clause of the Fourteenth Amendment. United States v. Cobb, 905 F.2d 784, 788 (4th Cir.1990), cert. denied, 498 U.S. 1049 (1991). Under the Fourteenth Amendment, Gregory has the right to be free of excessive force that amounts to punishment. Id. The factors to be used in determining whether the force used was excessive are:
 
 
 5
 the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 6
 King v. Blankenship, 636 F.2d 70, 73 (4th Cir.1980) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). The jury found Medlin credible, as reflected by the verdict. Thus, applying the Cobb test to the facts as found by the jury, we find that the force used was necessary to maintain order and was not excessive. Accordingly, we affirm the jury's verdict.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED