**Louis W. HODGES, Appellant,**

v.

**Lt. Leonard STANLEY; Dale Thomas, Warden, Metropolitan Correction Center; and Several Unknown Correctional Officers, Appellees.**

No. 1406, Docket 83–2018.

United States Court of Appeals, Second Circuit.

Submitted June 17, 1983.

Decided July 8, 1983.

Louis W. Hodges, appellant pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Barbara L. Schulman, Thomas D. Warren, Asst. U.S. Attys.), New York City, for appellees.

Before OAKES and CARDAMONE, Circuit Judges, and BARTELS, District Judge.*

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York, Charles L. Brieant, Judge, dismissing a pro se civil rights complaint for failure to state a claim. The plaintiff, Louis W. Hodges, is an inmate at the Metropolitan Correction Center (MCC). His complaint alleged that, as a result of a strip search conducted prior to his being placed in administrative detention and incidents related thereto, he was deprived of his Fourth, Eighth, and Fourteenth Amendment rights. Hodges had apparently been searched immediately prior to the search forming the basis of his complaint; when he questioned the need for a second search conducted by Lt. Stanley, an officer present during the first search, Hodges alleges that he was "physically accosted ... kneed in the groin area ... choked to the point of unconsciousness ... handcuffed ... and hoisted to his feet."

The Government's answer generally admitted Hodges' allegations but denied that portion of the complaint regarding the alleged assault. Judge Brieant believed that Hodges sought only declaratory and injunctive relief and he therefore dismissed the complaint on standing grounds on November 8, 1982, because Hodges was no longer an inmate at the MCC. Hodges, however, had amended his complaint, demanding monetary damages, and moved for reconsideration of the dismissal. Fed.R.Civ.P. 60(b). Upon reconsideration, Judge Brieant held that "[e]ven as now amended to claim money damages, the complaint fails to state a claim which rises to a constitutional level." Taking the allegations in the complaint as true, we believe that Hodges has stated a constitutional claim and therefore reverse as to defendant Stanley and the "unknown correctional officers" named in the complaint.

█ In its answer the Government stated as an affirmative defense that strip searches are part of a "mandatory procedure" applicable whenever an inmate is placed in administrative detention and it emphasizes on appeal that strip searches were upheld by the Supreme Court in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). While it is true that inmates do not enjoy the full range of constitutional rights possessed by unincarcerated individuals, *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), the Fourth Amendment still requires that searches—even those in the prison context—be reasonable. As *Bell* itself makes clear, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." 441 U.S. at 559, 99 S.Ct. at 1884. Hodges' challenge is not to the validity of predetention searches per se, but instead to the need for a *second* search. The second search took place shortly after the first, and Hodges had been under continuous escort. Under these circumstances it seems clear that there was no possibility that Hodges could have obtained and concealed contraband. Thus the second search appears to have been unnecessary. We

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

therefore cannot say that Hodges has failed to state a constitutional claim. *See Bono v. Saxbe,* 620 F.2d 609, 617 (7th Cir.1980) (*Bell* rationale does not justify strip searches after noncontact, supervised visits absent "showing that there is some risk that contraband will be smuggled into" prison).

■ Nor can we say that Hodges' claim regarding the alleged assault was without substance. The complaint alleged that Lt. Stanley's "breath reeked the smell of liquor," and that he committed an "attrocious [sic] assault and battery on plaintiff by use of excessive force." We have held that such allegations may state a claim against correctional officers, depending on the "need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973). Hodges' complaint, liberally construed, alleges that the use of force was both gratuitous and excessive; under *Glick,* this is enough to withstand dismissal. We therefore reverse the district court's dismissal as to Lt. Stanley and the "unknown correctional officers" named in Hodges' complaint. We affirm the dismissal as to MCC Warden Dale Thomas, however, because the complaint fails to allege that he in any way authorized or participated in the conduct in question. Hodges may of course seek leave to amend his complaint in this regard. *See Johnson,* 481 F.2d at 1034; *Wright v. McMann,* 460 F.2d 126, 134–35 (2d Cir.1972).

Judgment affirmed in part, reversed in part.