**Kenneth MASSOP, Plaintiff-Appellant,**

**v.**

**Thomas COUGHLIN, III, Commissioner, E.S. LeFevre, Superintendent, Clinton Correctional Facility, and Michael K. DeLisle, C.O., Defendants-Appellees.**

**No. 1362, Docket 84–2290.**

United States Court of Appeals, Second Circuit.

Argued July 15, 1985.

Decided Aug. 8, 1985.

Stephen M. Latimer, New York City (David C. Leven, Prisoners' Legal Services of New York, New York City, of counsel) for plaintiff-appellant.

Before PIERCE and PRATT, Circuit Judges, and STEWART, District Judge.*

PER CURIAM:

Kenneth Massop, a state prisoner incarcerated at the Clinton County Correctional Facility in upstate New York, appeals from an order of the United States District Court for the Northern District of New York, which dismissed sua sponte Massop's complaint before service of process was made upon defendants. Because the dismissal was premature, we vacate the district court's order and remand the case for service and further proceedings.

Massop's complaint, made on a standard form used in the Northern District, alleged in pertinent part:

> on 5/7/84 at approximately 8:18 a.m. while I was talking to a friend above 5 Company I had my arm stuck out through my cell (12) bar and CO M. DeLisle deliberately opened my cell gate and catch [sic] my right arm—my biceps causing it to dent & some loss of control in my fingers.

The complaint sought monetary and declaratory relief.

The Clerk of the District Court referred the complaint to a magistrate for review pursuant to 28 U.S.C. § 636(b). The magistrate granted Massop in forma pauperis status, but recommended that the complaint be dismissed as constitutionally frivolous, noting that Massop "may have an action of some kind in the state courts, [but] it is clear that this is not a statement of a constitutional claim. [Massop] does not charge improper medical treatment nor could this conduct possibly approach any other violation of his constitutional rights."

By order dated July 25, 1984, the district court (Edmund Port, *Senior Judge*) accepted and adopted the Magistrate's Report and Recommendation. Judge Port dismissed the complaint sua sponte, and without ordering service of process on the defendants, stating: "According [the] complaint the liberal construction to which it is entitled as a pro se complaint, at most it alleges a claim based on negligence. Nowhere in the complaint are defendants Coughlin and LeFevre charged with personal participation." Massop timely filed a notice of appeal, and this Court assigned him appellate counsel. By letter dated Jan-

---

* Of the Southern District of New York, sitting by designation.

uary 14, 1985, the office of the New York State Attorney General informed this Court that "[d]efendants decline to waive their right to service of the complaint and will not defend this appeal."

 We are again constrained to repeat that we strongly disfavor sua sponte dismissals of pro se prisoner petitions before service of process and the filing of a response by the state. *E.g., Bayron v. Trudeau*, 702 F.2d 43, 45 (2d Cir.1983). A prisoner's pro se complaint may be dismissed only if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.; Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Accepting as true the allegations in the complaint, as we must at this stage, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), and affording the complaint the required liberal construction, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Massop's claim is that a prison guard, DeLisle, deliberately inflicted injury upon him.

It is well-settled in this Circuit that such a claim may state a cause of action under 42 U.S.C. § 1983, depending upon the "need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Liberally construed, Massop's complaint alleges that the force was deliberate, gratuitous, and excessive. These allegations are certainly sufficient to withstand dismissal as to defendant DeLisle. *Hodges v. Stanley*, 712 F.2d 34, 36 (2d Cir.1983). We take no position as to defendants Coughlin and LeFevre, believing it wiser to leave determination of the validity of Massop's claim against them to the district court, upon answer by the state. We do point out that in appropriate circumstances even a merely

negligent act may give rise to a cause of action under section 1983. *See Parratt v. Taylor*, 451 U.S. 527, 534, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Finally, although we are not oblivious to the burden imposed on district judges in the Northern District by pro se prisoner petitions, we are compelled once again to point out that the district court would have done far better had it ordered service of process on defendants and awaited their response. *See Bayron*, 702 F.2d at 46, and cases there cited. "If appellant's claims are in fact illusory, the Federal Rules of Civil Procedure provide the means to make such determination upon a sufficient development of the record, even before trial. Fed.R.Civ.P. 56." *Haggy v. Solem*, 547 F.2d 1363, 1364 (8th Cir.1977) (per. curiam).

Vacated and remanded.