**Richard SEXTON, Plaintiff-Appellant,**

v.

**Bruce J. RYAN, Defendant-Appellee.**

**No. 28, Docket 86-7384.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 3, 1986.
Decided Oct. 23, 1986.

Richard Sexton, pro se.

Ira S. Clair, Yonkers, N.Y. (Joseph A. DiSalvo, Yonkers, N.Y., of counsel), for defendant-appellee.

Before MANSFIELD, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

Richard Sexton appeals *pro se* from a judgment of the Southern District of New York, Brieant, *Chief Judge*, dismissing *sua sponte* his complaint under 42 U.S.C. § 1983, which seeks damages for alleged violation of his constitutional rights by the defendant, an employee of the Police Department of the Town of Putnam Valley. The complaint alleges that in July 1983 the defendant unlawfully entered and searched plaintiff's premises in Scarsdale, N.Y., electronically recorded a telephone conversation by plaintiff without his consent, and in October 1983 wrongfully arrested the plaintiff on a charge of aggravated harassment in violation of New York Penal Law § 240.30, which was dismissed by the Town Court of Putnam County on October 18, 1984. We reverse.

The sparse record in this case demonstrates the reasons for our disfavoring *sua sponte* dismissal of actions except when the complaint is patently frivolous on its

face or wholly insubstantial, especially when the plaintiff appears *pro se*. *See Massop v. Coughlin,* 770 F.2d 299, 301 (2d Cir.1985); *Cameron v. Fogarty,* 705 F.2d 676, 678 (2d Cir.1983); *Bayron v. Trudeau,* 702 F.2d 43, 45 (2d Cir.1983).

The facts that we can glean from the very sparse record in this case appear to be as follows. On October 20, 1983, Richard Sexton was arrested by Bruce J. Ryan, a member of the Putnam Valley Police Department. Sexton was charged with aggravated harassment, a class A misdemeanor, under N.Y.Penal Law § 240.30. On October 18, 1984, the charges against Sexton were dismissed by the Town Justice Court of Putnam Valley, apparently after Sexton executed a release to the Town of Putnam Valley and the Putnam Valley Police Department in which he agreed not to sue officials for any violations of his constitutional rights.

One day after the charges were dismissed, on October 19, 1984, Sexton, then represented by an attorney, commenced his civil rights action in the district court, seeking money damages for violations of his constitutional rights arising from the arrest. The case was placed on the suspense calendar on March 14, 1985 and remained there for nearly a year until Sexton filed a motion on March 3, 1986 requesting that the case be reactivated, that his attorney be relieved, and that he be allowed to proceed *pro se*. This motion was granted. On March 12, 1986, Sexton moved to compel production of documents from his former attorney, from the Putnam Valley Police Department, and from the Town Court of Putnam Valley. At a March 20, 1986 hearing to decide those motions, the district judge denied the motion because his former attorney had not been served. Nothing was decided with respect to the other pending motions against the Town and the Police Department.

After denying the motion, the district judge inquired about the nature of the case. Defense counsel responded that it involved a false arrest but that Sexton had signed a release. The judge then asked Sexton how he could maintain a case if he had signed a release. Sexton replied that he had been compelled to sign it. The court then asked "Which arm did they twist?" and "Who twisted them?" (Tr. 5), to which Sexton answered that the court did. The court, acting *sua sponte*, then dismissed the action as frivolous without requiring a motion to be filed by the defendant and without giving the plaintiff an opportunity to respond. This appeal followed.

The record as it stands before us is incomplete. From the face of plaintiff's complaint it appears that the defendant was sued in his individual capacity. However, viewing the complaint liberally, as we must, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we cannot determine from this record whether the plaintiff also intended to sue the defendant in his official capacity as a member of the Putnam Valley Police Department.

Moreover, the defendant claims that he was coerced into signing the release, which is not part of the record. We are unable to determine whether the release was in fact executed by Sexton voluntarily. On the issue of coercion plaintiff is at least entitled to a hearing. In this regard we note the decision in *Rumery v. Town of Newton,* 778 F.2d 66, 71 (1st Cir.1985) (Timbers, J., sitting by designation), *cert. granted,* —— U.S. ——, 106 S.Ct. 1633, 90 L.Ed.2d 179 (1985) ("a covenant not to sue public officials for alleged violations of constitutional rights, negotiated in exchange for a decision not to prosecute the claimant on criminal charges, is void as against public policy"). A process whereby an arrestee gives a release to law enforcement authorities of his constitutional claims against them in exchange for their dropping criminal charges against him is inherently suspect because of its potential for use to defeat the public interest in enforcement of our criminal laws and exposure of police misconduct. *See Bushnell v. Rossetti,* 750 F.2d 298, 301 (4th Cir.1984); *Jones v. Taber,* 648 F.2d 1201, 1203 (9th Cir.1981); *Boyd v. Adams,* 513 F.2d 83, 88 (7th Cir.

**28**

1975); *Dixon v. District of Columbia*, 394 F.2d 966, 968–69 (D.C.Cir.1968).

For the foregoing reasons, we reverse the dismissal of plaintiff's complaint and remand to the district court for further proceedings in accordance with this opinion.