935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew HIGHSMITH, Plaintiff-Appellant,
v.
Jerry PULLEY, Correctional Officer, R.H. Gosney,
Correctional Officer, N. Watson, Correctional
Officer, R.A. Clary, Correctional
Officer, Defendants-Appellees.
 No. 91-7546.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 20, 1991.
Decided June 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-583-N)
 Andrew Highsmith, appellant pro se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Andrew Highsmith, a Virginia prisoner, filed this 42 U.S.C. Sec. 1983 action asserting that he was subjected to excessive force by correctional officers. The district court granted summary judgment for the officers and Highsmith appealed. We vacate the district court's grant of summary judgment and remand the case for further proceedings.
 
 
 2
 Inmates are protected from the use of excessive force against them by the cruel and unusual punishment clause of the eighth amendment. Graham v. Connor, 490 U.S. 386 (1989). As noted by the Supreme Court, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Miller v. Leathers, 913 F.2d 1085 (4th Cir.1990) (en banc) (must show infliction of unnecessary and wanton pain and suffering), cert. denied, 59 U.S.L.W. 3564 (U.S.1991). The question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). Punitive intent may be inferred when the force used was not reasonably related to a legitimate non-punitive objective. United States v. Cobb, 905 F.2d 784, 789 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3482 (U.S.1991). The court should also consider such factors as the need for the application of force, the relationship between need and amount of force used, and extent of injury inflicted. Miller, 913 F.2d at 1087 (quoting Whitley, 475 U.S. at 321); see also Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987); King v. Blankenship, 636 F.2d 70, 73 (4th Cir.1980).
 
 
 3
 In the summary judgment context, a plaintiff can only survive the motion if the plaintiff's version supports a " 'reliable inference of wantonness in the infliction of pain.' " Miller, 913 F.2d at 1089 (quoting Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir.1987)). However, any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Indeed, the non-moving party is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979).
 
 
 4
 The parties do not dispute that Highsmith's nose was broken and that he was in handcuffs and a waist chain during the entire incident. However, the record in this case discloses several other factual disputes between the parties.
 
 
 5
 The defendants claim that Highsmith stormed out of a disciplinary hearing unescorted, while making hostile and abusive statements. They claim that they only applied as much force as was necessary to subdue Highsmith and that they are unsure how his nose was broken. They also state that they did not hit Highsmith with either batons or their fists.
 
 
 6
 In his sworn complaint, Highsmith admits that he left the hearing unescorted but denied that he was out of control. He asserts that while he was in handcuffs and a waist chain the defendants grabbed him and pushed him to the wall by his throat, choking him. The defendants then forced him to the ground, hit him in the face, hit him in the head, and hit his legs with a baton. He claims that his nose was broken by one of the officers when he punched Highsmith in the nose while Highsmith was lying on the floor. In his affidavit, Highsmith states that he was hit in the nose, on the head, and on the legs while he was held down by one of the prison officers. In support, Highsmith adduced the affidavit of Thomas Littlefield, another inmate, in which he states that he witnessed the officers beating Highsmith when he was down and using a stick.
 
 
 7
 The present case presents a grant of summary judgment where the disputed facts, taken in the light most favorable to the appellant, show that the amount of force used was disproportionate to the amount required and was applied for the purpose of causing harm. See Miller, 913 F.2d at 1088 (inmate's version gave rise to issue of fact as to the necessity for the amount of force used). Additionally, allegations of permanent injury are not required to state a constitutional claim. Norris v. District of Columbia, 737 F.2d 1148, 1151 (D.C.Cir.1984); see also Hodges v. Stanley, 712 F.2d 34, 36 (2d Cir.1983) (allegation that use of force was gratuitous is enough to withstand dismissal). Given the present state of the record, summary judgment was inappropriate.
 
 
 8
 Accordingly, we vacate the portion of the district court's judgment dismissing the excessive force claim and remand for further proceedings consistent with this opinion.[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 We note that defendant Pulley was properly dismissed on plaintiff's motion