**Julio HUNT, Plaintiff,**

v.

**H.A. BUDD, et al., Deputy Superintendent of Security at Shawangunk Correctional Facility; Sergeant Farley; Sergeant Lay; CO Ricenberg, Defendants.**

No. 94–CV–512.

United States District Court, N.D. New York.

Aug. 1, 1995.

Julio Hunt, Coxsackie, NY, plaintiff, pro se.

Dennis C. Vacco, Office of Atty. Gen., State of N.Y., Dept. of Law, Albany, NY, for defendants (Mary Ellen Clerkin, Asst. Atty. Gen., of counsel).

## MEMORANDUM, DECISION AND ORDER

McAVOY, Judge.

This matter was referred to Magistrate Judge David N. Hurd for a Report–Recommendation pursuant to a Standing Order dated August 2, 1985. The Magistrate Judge's Report–Recommendation recommends that Defendants' Motion to Dismiss be granted in part and denied in part. Plaintiff and Defendants filed timely objections to the Report–Recommendation.

## I. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 on June 6, 1994. First, Plaintiff asserts that Defendants conspired to inflict harm on him in an effort to racially discriminate. Second, Plaintiff contends that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendant Ricenberg pat frisked him on three occasions and the supervisors named as Defendants failed to discipline Ricenberg after Plaintiff complained. Plaintiff seeks injunctive relief as well as compensatory and punitive damages. Presently before the Court is Defendants' Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b), for failure to state a claim upon which relief can be granted.

### B. Facts

At all times relevant to this action, Plaintiff was an inmate at Shawangunk Correctional Facility ("Shawangunk"), a New York State prison, and Defendants were all corrections officers at Shawangunk. Plaintiff alleges that he was harassed, threatened and molested. Pl.'s Compl. at 2, ¶ 2. He notes the dates of Defendant Ricenberg's alleged molestation and describes the alleged incidents with specificity:

> I am being harassed, threatened and sexually molested by officers in Shawangunk Correctional Facility. I am also suffering from a developing pattern of racial discrimination being perpetrated by officers at the facility. On December 28, 1993, January 22, 1994, and February 8, 1994, I was pat frisked by c/o Ricenberg in the Times Square thoroughfare of the facility. On each occasion c/o Ricenberg has rubbed my penis and grabbed my testicles. He additionally takes the liberty of jamming his thumb in my anus and squeezing or patting my buttocks. Particularly on February 8, 1994 c/o Ricenberg squeezed my testicles so hard that I was out of breath.

Pl.'s Compl. at 2, ¶ 2. Plaintiff then refers to the supervisors' alleged knowledge of these violations and claims racial discrimination precipitated Defendants Ricenberg's actions and the supervisors' failure to discipline:

> I have complained to Sergeant Farley, Sergeant Lay, and the Deputy Superintendent of Security H.A. Budd. All three (3) have refused to 1) accept my allegations as true, and 2) to reprimand this officer for this misconduct. The acts of c/o Ricenberg, and other non-party co-conspirators have resulted in unnecessary and restricted infliction of pain upon your plaintiff. These acts have no penological justification and were intended to chastise. They were also an invasion of privacy, unlawful search, cruel and unusual punishment; and since they were primarily motivated by race distinctions, a denial of equal protec-

tion. These acts violated the Plaintiff's IV, VIII, XIV Amendments of the U.S. Constitution.

Pl.'s Compl. at 2, ¶ 2.

## II. CONSPIRACY UNDER § 1983

▉ Defendants argue that Plaintiff's "conspiracy" claim and his allegation that racial discrimination prompted the conspiracy and misconduct are conclusory and unsupported, justifying dismissal. The Magistrate Judge agreed and so does this Court.

The Second Circuit has repeatedly held that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) (citations omitted). Plaintiff fails to proffer alleged facts pertaining to conspiracy and racial discrimination that would support the Fourteenth Amendment and conspiracy claims. Accordingly, the Court agrees with the Magistrate Judge and finds Plaintiff's claims conclusory insofar as they allege that the Defendants' conduct was the result of a conspiracy and/or racial animus.

▉ Plaintiff objects arguing that he is entitled to leniency since he is *pro se.* It is true that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (citations omitted). Nevertheless, the Second Circuit Court of Appeals "has recognized that certain claims are so easily made and can precipitate such protracted proceedings with such disruption of governmental functions that … detailed fact pleading is required to withstand a motion to dismiss." *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981) (citation omitted). "A claim of conspiracy is a clear example." *Id., citing, Fine v. City of New York*, 529 F.2d 70, 73 (2d

Cir.1975); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 133 (2d Cir.1964).

▉ As previously stated, Plaintiff has failed to mention any factual allegations to support his conspiracy and equal protection claims in either his Complaint or his Memorandum in Objection to the Report–Recommendation. Instead, Plaintiff relies on wholly conclusory allegations in both his Complaint and Memorandum in Objection. Likewise, although not addressed specifically in the Report–Recommendation, Plaintiff's Complaint is bereft of any factual support for his Fourth Amendment claim.[1] Therefore, the Court adopts the Magistrate Judge's recommendation and grants Defendants' Motion to Dismiss Plaintiff's claims of conspiracy, racial animus and illegal search and seizure. Thus, Plaintiff's conspiracy and Fourth and Fourteenth Amendment claims are dismissed.

## III. CRUEL AND UNUSUAL PUNISHMENT

▉ Plaintiff contends that the alleged misconduct (as quoted from Plaintiff's Complaint, *infra*, at 37–38 of this Order) that occurred on December 28, 1993, January 22, 1994, and February 8, 1994 constituted cruel and unusual punishment violative of his constitutional rights guaranteed by the Eighth Amendment.

▉ Following "contemporary standards of decency," *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976), the Court has considered the minimal standards of care provided during confinement. *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200–01, 82 L.Ed.2d 393 (1984). An inmate's constitutional protection against excessive force "is nowhere nearly so extensive as that afforded by the common law tort action for battery." *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.1973); *Anderson v. Sullivan*, 702 F.Supp. 424 (S.D.N.Y.1988). "Not every push or shove, even if it may later

---

1. A prison inmate has little reasonable expectation of privacy. *See, e.g., U.S. v. Amen*, 831 F.2d 373 (2d Cir.1987) (the taping of inmates' telephone conversations does not violate the Fourth Amendment). Notwithstanding, the Fourth Amendment still requires that searches, even those in the prison context, be reasonable. *Hodges v. Stanley*, 712 F.2d 34 (2d Cir.1983). However, the Court declines to entertain Plaintiff's Fourth Amendment claim because his allegation is wholly conclusory and bereft of factual assertions.

seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson*, 481 F.2d at 1033; *see also Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The Court will find an Eighth Amendment violation only when the alleged deprivation is "objectively, 'sufficiently serious,'" and the prison official acts with "'deliberate indifference' to inmate health and safety." *Farmer v. Brennan*, —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994), *quoting, Wilson v. Seiter*, 501 U.S. 294, 298, 302–03, 111 S.Ct. 2321, 2324, 2326–27, 115 L.Ed.2d 271 (1991). In *Farmer*, the Court concluded that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, —— U.S. at ——, 114 S.Ct. at 1984.

The Supreme Court has held that "the core judicial inquiry" where prison officials are accused of an Eighth Amendment violation "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Factors to be considered include "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Johnson*, 481 F.2d at 1033; *see generally Richardson v. Van Dusen*, 833 F.Supp. 146, 151–52 (N.D.N.Y.1993). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000.

As found by the Magistrate Judge, the force allegedly used by Defendant Ricenberg (i.e., fondling and squeezing of his genitals, anus and buttocks during pat frisks) clearly violates "'contemporary standards of decency.'" *Id.* Defendants argue, however, that the force alleged in Plaintiff's Complaint is inherently *de minimis*, and therefore fails to amount to a constitutional claim. This Court disagrees.

Here, Plaintiff alleges that the Defendants' misconduct violated his right to be free from cruel and unusual punishment in the form of sexual molestation during three pat frisks. "[N]ot ... every malevolent touch by a prison guard gives rise to a federal cause of action.... The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort *repugnant to the conscience of mankind.*" *Hudson v. McMillian*, 503 U.S. at 9–10, 112 S.Ct. at 1000 (1992) (internal quotation marks and citations omitted; emphasis added).

As recognized by the Magistrate Judge, this Court believes such conduct, if true, could rise to this level of "repugnance," thereby violating the Eighth Amendment. Thus, the court denies dismissal of Plaintiff's Eighth Amendment claim.

## IV. CONCLUSION

For the reasons state above, this Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims of a conspiracy, and his claims under the Fourth and Fourteenth Amendments. The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim.