986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Karl Wayne TIGER, Plaintiff-Appellant,
v.
Jack COWLEY, et al., Defendant-Appellee.
 No. 92-6332.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before McKAY and SETH, Circuit Judges, and BARRETT, Senior Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Karl Wayne Tiger (Tiger), appearing pro se and proceeding in forma pauperis, appeals from the district court's Order which adopts the Findings and Recommendations of the United States Magistrate Judge and dismisses his civil rights petition brought pursuant to 42 U.S.C. § 1983.
 
 
 5
 Tiger, an inmate confined at the Oklahoma State Penitentiary, sued various officials of the Department of Corrections alleging a denial of his right to due process of law during prison disciplinary proceedings. Following investigation, this matter was referred to the United States Magistrate Judge who entered his Findings and Recommendations on September 10, 1992. The district court entered an Order on September 24, 1992, adopting the Magistrate Judge's Findings and Recommendations that Tiger failed to demonstrate "a deprivation of any clearly established federal right which violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.' "
 
 
 6
 On appeal from that Order, it is our understanding that Tiger contends (1) that the Department of Corrections officials violated his Fourteenth Amendment rights by failing to comply with Department disciplinary procedures, and (2) that the district court erroneously determined that the disciplinary action was taken pursuant to the disciplinary chairperson's discretion and that any error committed under the disciplinary policy constituted harmless error.
 
 
 7
 We have reviewed the entire record and agree with the district court that there has been no deprivation of Tiger's constitutional rights and that the disciplinary hearing complied with due process requirements. We AFFIRM the district court's Order dismissing this civil rights action substantially for the reasons set forth in the Magistrate Judge's Findings and Recommendations dated September 10, 1992, and the district court's Order, dated September 24, 1992, copies of which are attached hereto and made a part hereof.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR
 THE WESTERN DISTRICT OF OKLAHOMA
 
 8
 Karl Wayne Tiger, Plaintiff,
 
 
 9
 v.
 
 
 10
 Jack Cowley, et al., Defendants.
 
 
 11
 CIV-92-407-C.
 
 
 12
 Sept. 24, 1992.
 
 JUDGMENT
 
 13
 On September 11, 1992, the United States Magistrate Judge entered findings and a recommendation that judgment issue dismissing Plaintiff's complaint. The Court has reviewed the file as well as the findings and recommendations and adopts the same. It further appears that the Plaintiff has not filed a timely objection or appeal thereto. It is, therefore,
 
 
 14
 ORDERED, ADJUDGED AND DECREED that the Plaintiff's complaint is hereby dismissed.
 
 
 15
 ------------/s/ Robin J. Cauthron
 
 
 16
 ------------ROBIN J. CAUTHRON
 
 
 17
 ------------UNITED STATES DISTRICT JUDGE
 
 
 18
 Sept. 11, 1992.
 
 
 19
 FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
 
 
 20
 The Plaintiff filed a civil rights complaint in forma pauperis and upon preliminary review an order was entered directing that an investigation be conducted into the allegations of the Complaint and a special report filed in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). This report is an expositive analysis of Plaintiff's allegations which includes regulations, institutional records and statements of witnesses, and it has been incorporated into the brief in support of Defendants' Motion to Dismiss. The Plaintiff has filed a response to the Motion to Dismiss which is treated as a Motion for Summary Judgment. In analyzing the issues, the facts have been considered in the light most favorable to the Plaintiff including all justifiable inferences. Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Plaintiff has presented arguments and legal theories, but he does not challenge the material facts asserted in the evidentiary submissions. Hall v. Bellmon, 935 F.2d 1106, 1113 (10th Cir.1991). Following merit review, the Court finds and concludes as follows:
 
 
 21
 * Plaintiff's civil rights were allegedly violated on November 8, 1991, when Plaintiff was searched during his confinement, specifically his Fourteenth Amendment Rights to Due Process when contraband was discovered. The strip search was conducted at approximately 11:00 p.m. on November 8, and Plaintiff initially refused to consent, but upon a direct order being issued, he removed his clothes in the shift captain's office. The examination of the Plaintiff revealed a piece of toilet paper hanging from the Plaintiff's genitals. When an officer reached for the piece of toilet paper, the Plaintiff physically attacked the officer and he was subsequently subdued and the officers removed a syringe and a needle from the groin area. Plaintiff was permitted to return to his holding cell. Plaintiff was examined by the medical staff shortly after midnight and the following report was issued:
 
 
 22
 "On above date and time I was called by Lt. Coker to check on inmate after a use of force. Upon arrival at the holding cell I/M Tiger stated he was fine but when advised I needed to check him anyway he was very cooperative. The only injury observed was two abrasions approx. 10 cm. each on the inside of his upper left arm. His B/P was 150/104 and pulse 88. He told the Lt. and I he was on no medication or special diet. B/P was checked again at 0120 hrs. and was 120/90.
 
 
 23
 (Attachment "D", Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to U.S.C. Section 1983).
 
 
 24
 Disciplinary proceedings were conducted upon the filing of an Offense Report for battery in accordance with the policy and operations manual for disciplinary procedure (OP-090125), effective date June 10, 1990 (Attachment "A", Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to U.S.C. Section 1983) and Defendant was found guilty of the charge. He received punishment of thirty days in segregation, $15.00 fine, and loss of good time which was assessed by the disciplinary hearing committee. On further review, the Administrative Designee concurred with the decision of the disciplinary hearing finding there was sufficient evidence supporting the charge of battery and that the punishment was within the allowable sanction for a Class A offense. (Attachment "P", Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint pursuant to U.S.C. Section 1983).
 
 II
 
 25
 Generally, the Courts have upheld the right of prison officials to conduct random strip searches in consideration of the limited expectation of privacy that an inmate has which might entitle him to protection of the Fourth Amendment against unreasonable searches and seizures, including searches of his person. Hudson v. Palmer, 468 U.S. 517 (1984); Bell v. Wolfish, 441 U.S. 520, 558 (1979); Dunn v. White, 880 F.2d 1188, 1191 (10th Cir.1989). It is well recognized that some use of force is necessary to control an unruly situation in a good faith effort to restore discipline. Brown v. Smith, 813 F.2d 1187, 1188, (11th Cir.1987).
 
 
 26
 The Court's review of the offense report and the inmate grievance procedure indicates compliance with the minimum standards of due process. Plaintiff's signature confirms he received a copy of the charge and was given an opportunity to prepare a defense. Plaintiff was assigned a staff representative and upon being granted the right to call witnesses, he refused to do so. The finding of guilt was supported by sufficient evidence in the record to support the decision. In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Supreme Court cited Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974) and stated the due process standards that must be observed:
 
 
 27
 (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.
 
 
 28
 These procedural guarantees were observed and the quantum of evidence substantiates the administrative decision. Plaintiff has not shown a deprivation of any clearly established federal right which violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The test that has been applied is one of the objective reasonableness of the Defendants' actions without regard to their intent. Anderson v. Creighton, 483 U.S. 635, 639 (1987).
 
 
 29
 Accordingly, it is recommended that the Plaintiff's Complaint be dismissed and that any appeal/objection to recommendation must be filed on or before the 25th day of September, 1992, or the recommendation will become the final order of the Court without further notice. This enlargement of the statutory time to file an appeal obviates any need to file motions for extension or enlargement of time.
 
 
 30
 /s/ Ronald L. Howland
 
 RONALD L. HOWLAND
 UNITED STATES MAGISTRATE JUDGE
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3