[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2007
THOMAS K. KAHN
CLERK

No. 07-10688
Non-Argument Calendar

_____

D. C. Docket No. 04-01108-CV-J-32-MCR

SCOTT HASEMEIER,

Plaintiff-Appellant,

versus

SGT. SHEPARD,
CPL. BARCIA,
C.O. TROLLINGER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 22, 2007)**

Before BIRCH, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Scott Hasemeier, a pretrial detainee proceeding pro se, appeals the district court's grant of summary judgment in favor of Corrections Officer Robert Trollinger, Sergeant Melvin Shepard, and Corporal Patrick Barcia. After a thorough review of the record, we conclude that the court properly granted summary judgment in favor of Trollinger, but that a genuine issue of material fact exists with respect to the excessive force and retaliation claims against Shepard and Barcia. Accordingly, we affirm in part and vacate and remand in part.

I. Background

Taking the facts in the light most favorable to Hasemeier, on December 12, Hasemeier slipped and fell in his cell and was treated by the nurse. During treatment, Shepard accused Hasemeier of being disrespectful to the staff and threatened to beat him. Hasemeier filed a grievance against Shepard, and, the following week, Shepard came to Hasemeier's cell just before the 6 a.m. shift change and yelled at him to "get his facts straight" if he wanted to file a grievance. Shepard then ordered the staff to open the cell door, and removed Hasemeier from the cell by grabbing him around the neck and punching him in the head until Hasemeier was unconscious. Hasemeier did not resist and was not verbally abusive. Shepard, Barcia, and Trollinger then beat Hasemeier, handcuffed him, and took him to another cell. When they finally returned Hasemeier to his own

2

cell, he received medical attention, but the doctor and nurse did not make any records of the beating. They warned Hasemeier, however, to drop his grievances or he would be beaten again. Hasemeier then filed the instant complaint under 42 U.S.C. § 1983 and state law, alleging the use of excessive force and retaliation.

Shepard, Barcia, and Trollinger moved for summary judgment, arguing that Hasemeier was removed from his cell because he had been non-compliant with head count and had become verbally abusive. Trollinger alleged that he had not been present during the events. In support of the motion, they submitted their own affidavits denying the events, Hasemeier's medical records, which noted that he had been treated for a headache and given sinus tabs, and a video tape from the security cameras. The tape had malfunctioned on the day of the incident and did not tape Hasemeier's cell during the 6 a.m. shift change.

In response, Hasemeier submitted his own affidavit, denying that he was verbally abusive, and noting that the medical records showed he had been kicked in the head. He also disputed that he had been non-compliant with head count procedures under the detention center's policies.

The district court granted summary judgment, finding that the tape did not support Hasemeier's claims, as there was no evidence of any injury, and the use of de minimus force was insufficient to sustain a claim of excessive force. The court

further found that there was no causal connection between Hasemeier's grievance and the alleged incident because Hasemeier's refusal to comply with the officer's orders during head count and his abusive behavior justified his removal from his cell.  Hasemeier now appeals.

II. Analysis

We review a district court order granting summary judgment de novo, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to Hasemeier as the nonmoving party.  Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 911 (11th Cir. 2007).  Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

A. Excessive Force

Because Hasemeier was a pretrial detainee, we analyze his claims of excessive force under the Fourteenth Amendment, using the same standards as used for Eighth Amendment claims.  Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005).  Under the Eighth Amendment, "'whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm.'"  Id. (quoting Brown v. Smith, 813 F.2d 1187,

4

1188 (11th Cir. 1987)); <u>Johnson v. Breeden</u>, 280 F.3d 1308, 1321 (11th Cir. 2002).  In determining whether the force was applied maliciously and sadistically to cause harm, courts consider a variety of factors, including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotation marks omitted).  A prison guard's words, though not determinative, are relevant to malicious intent.  <u>See</u> <u>Bozeman</u>, 422 F.3d at 1271 n.11.

### a. Shepard and Barcia

Viewing the evidence the light most favorable to Hasemeier, there was a genuine issue of material fact whether Shepard and Barcia applied excessive force and acted maliciously to cause harm.  Under Hasemeier's version of events, he was unconscious from the beating, suffered cuts and bruises, and had his dental bridge broken.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (explaining that the blows directed at the prisoner, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).  Although the medical records do not mention these injuries, the records do indicate that Hasemeier was kicked in the head.  Moreover,

5

it is for a jury to decide whether the video shows injuries as noted by Hasemeier. See Mathews v. Crosby, 480 F.3d 1265 (11th Cir. 2007) (reversing summary judgment on excessive force claims because plaintiff submitted sufficient evidence, including medical reports and witness statements, to create a genuine issue of material fact), petition for cert. filed, (Jul. 23, 2007) (No. 07-86).

Here, the parties submitted their own affidavits describing the events. As such, the evidence creates a credibility determination, which is inappropriate at the summary judgment stage. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150-51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000); see also Perry v. Thompson, 786 F.2d 1093, 1093-95 (11th Cir. 1986). Additionally, although the defendants asserted that their actions were necessary to restore order and to discipline Hasemeier, there is no evidence other than their own statements to support their claims that Hasemeier was verbally abusive or that he ignored an order. In his own statements, Hasemeier disputed that he engaged in such conduct. Accordingly, we conclude that there is a genuine issue of material fact making summary judgment improper.

b. Trollinger

The evidence submitted established that Trollinger was not present during the events, and Hasemeier failed to rebut this evidence. Accordingly, we conclude that the district court properly granted summary judgment in favor of Trollinger.

B. Retaliation

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "A prisoner can establish retaliation by demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment.'" Id. (citation omitted). If a defendant meets the initial burden of demonstrating the absence of a genuine issue of material fact, a plaintiff must "establish[ ] a causal relationship" between his complaints and the alleged retaliatory actions in order to survive a summary judgment motion. Farrow, 320 F.3d at 1249.

Although we conclude that there was a genuine issue whether a constitutional violation occurred, the question remains whether there was a causal connection. According to Hasemeier, Shepard referred to the grievance filed when he threatened Hasemeier. Shepard disputes this in his affidavit and answers to interrogatories. There is no other evidence to support the existence of a grievance. Nevertheless, because the district court should consider the excessive force claims,

7

and these claims are intertwined with the retaliation claim, we vacate and remand for consideration of the causal connection.

### C. State Law Claims

Finally, because we conclude that the claims against Shepard and Barcia can proceed, we conclude the district court abused its discretion by declining to exercise supplemental jurisdiction over Hasemeier's state law claims. Accordingly, on remand, the court should consider his claims raised under state law.

### III. Conclusion

For the foregoing reasons, we AFFIRM the grant of summary judgment in favor of Trollinger; we VACATE the order of summary judgment in favor of Shepard and Barcia, and REMAND for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.