**Tony JACKSON, Plaintiff,**

v.

**Brenda STEVENS, Defendant.**

**Civil Action No. 5:07–CV–136 (HL).**

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 11, 2010.

Tony Jackson, Unadilla, GA, pro se.

Holly Loy Smith Susan Lee Rutherford, State of Georgia Department of Law, Atlanta, GA, for Defendant.

### ORDER

HUGH LAWSON, Senior District Judge.

Currently pending before the Court is the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered on January 19, 2010 (Doc. 100), in which he recommends that the Motion for Summary Judgment (Doc. 92) filed by Defendant, Brenda Stevens, be denied. Defendant has filed an objection to the Recommendation (Doc. 106). After *de novo*

consideration of the portions of the Recommendation to which objection is made, the Court accepts the Recommendation and denies the Motion for Summary Judgment.

### A. Subjective Knowledge of a Risk of Serious Harm

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment. An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.'" *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1028 (11th Cir.2001) (en banc) (*quoting Farmer v. Brennan,* 511 U.S. 825, 844, 114 S.Ct. 1970, 1982–83, 128 L.Ed.2d 811 (1994)) (internal citation omitted). To survive summary judgment, a plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 (11th Cir.1995).[1] To be deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.

In her objection, Defendant first argues that Plaintiff has not established that she had subjective knowledge of a risk of serious harm to Plaintiff from Inmate Harvey. Defendant contends that the "generalized" threat made by Inmate Harvey does not suggest an obvious risk of harm. She also argues that there is no evidence that she had been exposed to any

---

1. Defendant does not dispute the causation element of Plaintiff's claim. A reasonable jury could find that Defendant caused the alleged constitutional violation. The presence of the requisite causation in a case brought under 42 U.S.C. § 1983 is normally a question of fact for the jury. *See Rivas v. City of Passaic,* 365 F.3d 181, 193 (3d Cir.2004).

knowledge about Harvey to suggest that she should have known Harvey would act on his statements or that would be sufficient to permit a trier of fact to find that she had actual knowledge of the risk.

According to Plaintiff, when he informed Harvey that he was moving into Harvey's cell, Harvey replied, "No, you're not. I don't want nobody here with me. I told the woman ain't nobody coming in here with me. If you come in here, I'm going to try to kill you. I want to be by myself." (Doc. 92–3, p. 7). Defendant heard Harvey make this threat, and scolded him afterwards, telling him to "[s]hut your damn mouth. You don't run anything around here. You don't have the authority to tell somebody who come in and come out. You know, who stay in this cell," and "You don't run nothing. You going to have a roommate." (Doc. 92–3, p. 11). Plaintiff returned to his cell, and about three or four minutes later, Defendant returned with Harvey. Defendant then told Harvey that since he did not want anyone in his cell with him, she was putting him in Plaintiff's cell. She then said, "I'm quite sure Jackson's not going to bother you, and you're not going to bother Jackson." (Doc. 92–3, p. 7). Harvey replied, "I told you we ain't going to be able to live together. I'm going to try to fuck you up." (Doc. 92–3, p. 7).

Defendant relies on *Carter v. Galloway,* 352 F.3d 1346 (11th Cir.2003), to support her argument that Harvey's threatening language was not sufficient to put her on notice of a substantial risk of harm. In *Carter,* the plaintiff, who was shanked by his cellmate, alleged that prison officials had been deliberately indifferent to a substantial risk of serious harm. The Eleventh Circuit affirmed the district court's grant of summary judgment to the defendants, finding that the complaints the plaintiff made to the defendants were too vague to show that the defendants had

"actual knowledge" of a substantial risk of serious harm. *Id.* at 1350. The specific complaints made by the *Carter* plaintiff were that the attacker paced his cell like a wild animal, wanted to fake a hanging in order to secure a transfer, and told the plaintiff that he would help the attacker carry out the fake hanging "one way or another." *Id.* at 1349. The appellate court expressly relied upon on the facts that the plaintiff never told prison officials that he "feared" the attacker, never told them that he had been "clearly threatened," and never asked to be placed in "protective custody" in finding that the plaintiff failed to establish that the defendants had a subjective awareness of a substantial risk to the plaintiff. *Id.* at 1349–50.

*Carter* can clearly be distinguished on its facts. Here, Defendant was standing at Harvey's cell with Plaintiff, and later in Plaintiff's cell with Harvey, and she heard Harvey specifically say that he would try to kill or harm Plaintiff and not to put them in a cell together. This was not an issue of an inmate's general problematic nature or of vague or general statements. A reasonable juror could find that Defendant actually knew that Plaintiff faced a substantial risk of serious harm from Inmate Harvey.

## B. Disregard of Serious Risk of Harm

Defendant next argues that even if she had subjective knowledge of a serious risk of harm, the evidence does not support a finding that she disregarded the risk. She states that "to the extent that she may have identified some risk by Harvey's statements, she responded by admonishing him and attempting to control Harvey before placing him in the cell with Jackson. Stevens did not leave the vicinity after placing Harvey in the cell and immediately upon discerning that Harvey was going to assault Jackson, returned to the cell to

have Harvey restrained and moved." (Doc. 106, p. 9) (citations omitted).

This statement does not accurately summarize the evidence in this case. Plaintiff's testimony clearly states that Harvey assaulted him before Defendant returned to the cell. Nothing supports Defendant's allegation that she "discerned" that Harvey "was going to assault" Plaintiff, and returned to the cell. Further, assuming Defendant did not leave the area after placing Harvey in Plaintiff's cell, she certainly has not presented any evidence to support her assertion that she "stay[ed] in the vicinity to immediately respond at the sign of actual trouble." (Doc. 106).

 "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer*, 511 U.S. at 845, 114 S.Ct. at 1983. A prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir.2003). A prison official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." *Hale*, 50 F.3d at 1583.

It is clear that whether Defendant's response to Harvey's threats was reasonable is a question for the jury. On one hand, there is a question of whether admonishing and attempting to control Harvey before placing him in the cell with Plaintiff was a reasonable response by Defendant. On the other hand, there is a question of whether moving Harvey into Plaintiff's cell minutes after Harvey directly threatened to try to kill Plaintiff if they were put in a cell together was a reasonable response by Defendant. Deciding which of these was a reasonable response is for the jury.

## C. Negligence

Defendant next argues that the Magistrate Judge erred because he did not consider the argument that Plaintiff has conceded that the conduct attributed to Defendant was merely negligent. The Court overrules this objection. Whether the facts presented in this case establish deliberate indifference or a lesser form of culpability is a question for the jury.

## D. Qualified Immunity

 Finally, Defendant argues that the Magistrate Judge erred because he did not address her qualified immunity argument. Qualified immunity shields governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.2002).

 The Court must apply a two-step analysis to determine whether or not the defendant is entitled to qualified immunity. The first inquiry is when "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). "If a constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine 'whether the right was clearly established'" at the time of the alleged violation. *Lee*, 284 F.3d at 1194 (quoting *Saucier*, 533 U.S. at 201, 121 S.Ct. at 2156).[2] "[T]he relevant, disposi-

2. The Court recognizes that it is no longer required to consider these prongs in the order

tive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202, 121 S.Ct. at 2156.

██ Under his version of the facts, Plaintiff has alleged a constitutional violation. The Court must now consider whether the law was clearly established. Defendant argues that the law was not clearly established and constitutional liability cannot be imposed based upon some generalized duty to protect.

According to Plaintiff, Harvey directly threatened him while Defendant was listening. Defendant scolded Harvey, but nevertheless moved him to Plaintiff's cell. There, she again heard Harvey make a direct threat against Plaintiff. Notwithstanding those threats, Defendant had Plaintiff turn his back so she could take off his handcuffs, and when Plaintiff turned back around after Defendant closed the cell door, Harvey immediately hit Plaintiff.

██ "[T]he eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection" when a prison official becomes "aware of a threat to an inmate's health and safety." *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir.1990). When prison officials are "deliberately indifferent to a known danger ... their failure to intervene offend[s] 'evolving standards of decency' [and] ris[es] to the level of a constitutional tort." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976)).

Under Plaintiff's version of the facts, Defendant refused to respond to protect Plaintiff's safety despite subjective knowledge of the threats made by Harvey. In-

set out in *Saucier. See Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 172 L.Ed.2d 565

stead, she put Harvey and Plaintiff in the same cell. The Eighth Amendment right of prisoners to be free of deliberate indifference by prison officials resulting in harm was clearly established at the time of the events in this case. *See Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992). In light of this precedent, Defendant was on notice that failing to respond to a known threat to Plaintiff's safety was unlawful. While Defendant argues that there is no specific precedent establishing that her conduct would violate Plaintiff's rights, "there need not be a case 'on all fours,' with materially identical facts, before we will allow suits against them." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1277 (11th Cir.2004). Defendant is not entitled to qualified immunity on Plaintiff's claim.

**E. Conclusion**

The Recommendation (Doc. 100) is adopted and made the order of this Court. Defendant's objection is overruled. Defendant's Motion for Summary Judgment (Doc. 92) is denied. Plaintiff's Motion to Withdraw Document (Doc. 104) is granted.

**RECOMMENDATION**

CLAUDE W. HICKS, JR., United States Magistrate Judge.

Before the court is defendant SERGEANT BRENDA STEVENS' MOTION FOR SUMMARY JUDGMENT. Tab # 92. The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. Plaintiff TONY JACKSON has responded to the motion (Tabs # 95, # 96, and # 98), and the defendant has replied thereto (Tab # 97).

(2009).

## LEGAL STANDARDS

### SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

*(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*

*(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*

*(c) Time for a Motion, Response, and Reply; Proceedings.*

*(1) These times apply unless a different time is set by local rule or the court orders otherwise:*

*(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*

*(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*

*(C) the movant may file a reply within 14 days after the response is served.*

*(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R.Civ.P. 56(c)*; *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir.1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir.1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

FAILURE TO PROTECT FROM DANGER

 Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir.1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert,* 867 F.2d 1271, 1276 (11th Cir. 1989); *See also Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

## FACTUAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff Jackson, are as follows: In November of 2005, plaintiff, then an inmate of Washington State Prison, was housed in an administrative segregation cell. On or about November 6, 2005, defendant Stevens notified the plaintiff that he was being moved to another cell with an inmate named Harvey. Plaintiff did not object. Soon thereafter, Jackson packed up his belongings and carried them outside the cell. Jackson was then escorted by defendant Stevens and an unnamed CERT team officer to inmate Harvey's cell. When the group arrived at the cell, inmate Harvey began to question what was happening. Plaintiff Jackson explained that he was being moved into the cell. Inmate Harvey responded by announcing "No,

you're not. I don't want anybody here with me. I told the woman ain't nobody coming in here with me. If you come in here, I'm going to try to kill you. I want to be by myself."

At this point, plaintiff Jackson returned to his former cell and sat down on the side of the bed. He then heard defendant Stevens, in an apparent response to his threats, chastise inmate Harvey by telling him, *inter alia,* that he was going to have a roommate, that he didn't run things around here, and that he was to shut his mouth and act like he had some sense. Moments later, Stevens escorted inmate Harvey into the cell containing plaintiff Jackson. The defendant then removed handcuffs from Harvey, exited the cell, secured the door, and walked away. Harvey then turned, struck Jackson in the face, and an altercation ensued leaving Jackson with allegedly permanent injuries. No more than two minutes later, defendant Stevens, accompanied by a CERT team member, returned to the cell, restrained and removed inmate Harvey, and made arrangements for plaintiff Jackson to be seen by medical.

## DISCUSSION

Defendant Stevens, in her MOTION FOR SUMMARY JUDGMENT, essentially contends that plaintiff failed to state a constitutional claim against her. The undersigned disagrees. As noted above, in order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer v. Brennan,* 511 U.S.

---

1. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston,* 848 F.2d 1534, 1543 (11th Cir.1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Despite the defendant's arguments to the contrary, plaintiff Jackson's allegation that Stevens heard inmate Harvey say, in no uncertain terms, that he would try to kill any person placed in the cell with him, coupled with her subsequent decision to place the two in a cell together, is sufficient to establish a constitutional claim. Accordingly, **IT IS RECOMMENDED** that defendant Stevens' MOTION FOR SUMMARY JUDGMENT be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 19th day of January, 2010.